James L. Barnett, #7462
Ryan R. Jibson, #12566
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT  84101
Telephone:  (801) 799-5800
Facsimile:  (801) 799-5700

*Attorneys for Plaintiff,*
  *EnergySolutions, LLC*

IN THE UNITED STATES JUDICIAL DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ENERGYSOLUTIONS, LLC, | **COMPLAINT** |
| Plaintiff, | |
| v. | Civil No. 2:12-cv-01142-DBP |
| ADVANCED MEDICAL SYSTEMS, INC., | |
| Defendant. | Magistrate Judge Dustin B. Pead |

Plaintiff EnergySolutions, LLC ("EnergySolutions"), by and through counsel, complains as follows:

## PARTIES

1. EnergySolutions is a limited liability company organized under the laws of the State of Utah, with its principal place of business in Salt Lake County, State of Utah. EnergySolutions is engaged in the business of decontamination and decommissioning, transportation, processing, and disposing of nuclear material.

2. Upon information and belief, Defendant Advanced Medical Systems, Inc. ("AMS") is a corporation organized under the laws of the State of Florida, with its principal

place of business in Ashtabula County, State of Ohio.  Upon information and belief, AMS is a Biotech company engaged in the business of manufacturing medical devices and equipment.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 and Utah Code Ann. § 78B-3-201 and 205.

4. The amount in controversy in this action exceeds $75,000 and there is complete diversity of citizenship between the parties.  AMS is deemed a citizen of the states of Florida and Ohio.  The sole member of EnergySolutions is not deemed to be a citizen in either the states of Florida or Ohio.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2). EnergySolutions and AMS entered into a contract in which EnergySolutions agreed to transport and dispose of AMS' low-level radioactive waste ("Waste") at EnergySolutions' facility located in Clive, Utah ("Clive Facility").  Pursuant to the contract, AMS' Waste was, in fact, disposed of at EnergySolutions' Clive Facility.  AMS has failed to pay for the transport of this material and the disposal of such in Utah.  Accordingly, venue is properly laid in this Court, and AMS has subjected itself to personal jurisdiction in the State of Utah.

## GENERAL ALLEGATIONS

6. EnergySolutions worked with AMS to identify a desired scope of services for packaging AMS' Waste from the AMS Facility at 1020 London Road in Cleveland, Ohio, and transportation to, and disposal of, such Waste at EnergySolutions' Clive Facility.

7. After the scope of the project was finalized, EnergySolutions submitted a formal proposal to AMS identified as Proposal No. ES-2009-02148 (Revision 2), dated September 22,

2009 ("Prop. ES-2009-02148").  EnergySolutions' Prop. ES-2009-02148 offered to "perform packaging, shipment, and disposal of waste at the *EnergySolutions* Clive, Utah disposal facility for waste detailed [therein] and at the prices stated [therein]."

8.    In the Prop. ES-2009-02148, EnergySolutions offered to "perform the services portion of the work scope described [therein] for the firm fixed price of $398,096."  The Prop. ES-2009-02148 then clarified that the firm fixed price of $398,096 for services "exclude[d] loading, transportation and disposal which [was] offered at an estimated price of $651,676 on a unit price basis."  Again, the Prop. ES-2009-02148 later reiterated that the "budgetary price for non-labor loading, transportation and disposal, including the cost of waste packages (B-25s), at the Clive Facility is approximately $651,676."  The Prop. ES-2009-02148 further provides specific estimates at varying price points dependent on the type of waste being disposed at the Clive Facility.

9.    EnergySolutions' Prop. ES-2009-02148 was accepted by AMS via issuance of Purchase Order No. 40095-00 dated October 2, 2009 ("PO 40095-00"), which expressly incorporates EnergySolutions' proposal.  In PO 40095-00, AMS identifies EnergySolutions' Prop. ES-2009-02148 and confirms two specific orders:  First, an order description requesting "[s]ervices for portion of work scope described in proposal ES-2009-02148" for a unit price of $398,096.  Second, an order description requesting "[l]oading, transportation and disposal … per proposal ES-2009-02148" for an "estimated price and not to exceed w/out notification to AMS" for a listed price of $651,676.

10.   AMS' PO 40095-00 was signed by AMS representative Cathy Tichnel, and identifies "Energy Solutions, LLC" as the "Ordered From" party.

11. On November 25, 2009, AMS approved a change order to PO 400095-00 to expand the scope of services to include the removal, packaging, and disposal of a HEPA unit and associated ductwork. This resulted in a $17,496 increase in the firm fixed price for services under the purchase order, increasing it from $398,096 to $415,592.

12. Following AMS' execution of the PO 40095-00, EnergySolutions mobilized the project and completed the project pursuant to the Prop. ES-2009-02148. EnergySolutions' full performance of Prop. ES-2009-02148 was completed on December 23, 2009.

13. EnergySolutions' full and satisfactory performance of the contract (*i.e.*, Prop. ES-2009-02148) is evidenced by an email dated December 23, 2009, from AMS' Radiation Safety Officer, Steve Turner ("Turner E-mail"). The Turner E-mail was sent to EnergySolutions' Director of Eastern Operations, Robert Woodard. In the Turner E-mail, Mr. Turner states that "Mike and his crew completed the AMS project today December 23, 2009. All work was completed as requested by myself and per the proposal. On a personal note, your guys did a great job and I am very pleased with the manner in which Mike Pries handled this project."

14. Through a total of three separate invoices, AMS paid EnergySolutions the services portion of the project as described in the Prop. ES-2009-02148 (as amended by the November 25, 2009 change order) for the firm fixed price of $415,592.

15. After all of the Waste was processed at EnergySolutions' Clive Facility, a final invoice dated June 11, 2010, in the amount of $495,285.12, was submitted to AMS ("Invoice No. 119310061000"). As described in Invoice No. 119310061000, this final invoice covered the cost of the loading, transportation, and disposal portion of the Prop. ES-2009-02148 that was originally estimated at $651,676.

16. EnergySolutions' Prop. ES-2009-02148 provides that "EnergySolutions will submit invoices on a monthly basis. The invoices shall be due and payable net 30 days of the invoice date. All balances unpaid after the due date will be subject to an interest charge of one and one-half percent (1 1/2%) per month."

17. The 30-day due date of Invoice No. 119310061000 has long passed, and AMS refuses to satisfy the outstanding invoice.

18. EnergySolutions has repeatedly made demand for payment for the amount owed under Invoice No. 119310061000, but AMS has failed to make any payments on the amount owed to EnergySolutions.

### FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT)

19. EnergySolutions incorporates the allegations included in the foregoing paragraphs as if fully set forth here.

20. EnergySolutions contracted with AMS. EnergySolutions set out the terms of the proposed contract in Prop. ES-2009-02148. AMS accepted the terms of the contract via its issuance of PO 40095-00 to EnergySolutions (including change orders), and its payment of various invoices as the work progressed.

21. EnergySolutions fulfilled its contractual obligations by completing the project pursuant to the terms of Prop. ES-2009-02148. EnergySolutions' full performance of the contract included loading, transportation, and ultimate disposal of AMS' Waste at EnergySolutions' Clive Facility. EnergySolutions' full performance of Prop. ES-2009-02148 was completed by at least June of 2010.

22. By failing to timely pay the contracted amount due under Invoice No. 119310061000, AMS has breached its contractual obligations with EnergySolutions.

23. As a result of AMS' breach, EnergySolutions has been damaged in an amount to be proven at trial and not less than $762,729.43 ($495,285.12, plus interest at the rate of 1.5% per month pursuant to Prop. ES-2009-02148).

## SECOND CAUSE OF ACTION
### (BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING)

24. EnergySolutions incorporates the allegations included in the foregoing paragraphs as if fully set forth here.

25. AMS had an implied duty to carry out the performance of its contractual duties under the agreement in a good faith manner.

26. In order to carry out the performance of its contractual duties in a good faith manner, AMS had a duty to refrain from actions that would intentionally destroy or injure Plaintiffs' right to receive the fruits (*i.e.*, benefits) of the contract.

27. EnergySolutions agreed to transport and dispose of AMS' Waste. In exchange, AMS agreed to pay EnergySolutions for the transport and disposal of its Waste. AMS' outright refusals to satisfy its payment obligations under the contract are intentional actions injuring EnergySolutions' right to receive the benefits of the contract.

28. AMS, thus, breached the implied covenant of good faith and fair dealing by failing to carry out the performance of its contractual duties under the contract in a good faith manner.

29. As a result of AMS' breach of the implied covenant of good faith and fair dealing, EnergySolutions has been directly damaged in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
### (UNJUST ENRICHMENT)

30. EnergySolutions incorporates the allegations included in the foregoing paragraphs as if fully set forth here.

31. In the alternative to EnergySolutions' First Cause of Action for Breach of Contract, EnergySolutions alleges that AMS has been unjustly enriched.

32. EnergySolutions loaded, transported, and ultimately disposed of AMS' Waste at its Clive Facility.

33. As evidenced by AMS' acceptance of the contract, by AMS' oversight of the project, and by AMS' payment for some services, AMS clearly has knowledge of the fact that EnergySolutions expected to be compensated for its loading, transporting, and disposal of the Waste that was present at its facility in Cleveland, Ohio.

34. Under the circumstances, acceptance or retention by AMS of the benefit conferred on it by EnergySolutions makes it inequitable for AMS to retain the benefit without payment of the value of EnergySolutions' efforts in loading, transporting, and disposing of AMS' Waste.

35. EnergySolutions is, therefore, entitled to compensatory and consequential damages, interest, fees, and costs associated with AMS' unjust enrichment in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, EnergySolutions prays against AMS in EnergySolutions' favor as follows:

A. For damages in an amount to be proven at trial and not less than $762,729.43;

  B. For accrued interest on all damages as allowed by law or otherwise, including the contracted for interest at the rate of 1.5% per month until paid in full;

  C. For such other pre-judgment or post-judgment interest as allowed by law or otherwise directed by the Court;

  D. For attorneys' fees and costs as allowed by law or otherwise; and

  E. For such other and further relief as the Court deems just and proper.

DATED this 13th day of December, 2012.

        HOLLAND & HART LLP

        _____
        James L. Barnett
        Ryan R. Jibson
        *Attorneys for Plaintiff,*
         *EnergySolutions, LLC*

5874944_1